UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAMELA POWELL *ex rel.* G.B.J.H.,

    Plaintiff,

v.                                                    Case No. 6:17-cv-528-Orl-37GJK

WANDA LEIGH BROWN *et al.*,

    Defendants.
_____

**<u>ORDER</u>**

This cause is before the Court with respect to the 152-page Complaint submitted by the *pro se* Plaintiff in this action. (*See generally* Doc. 1.) In it, Plaintiff seeks relief against a myriad of defendants for violations of: (1) Title VII of the Civil Rights Act of 1964; (2) Florida's Whistle-blower's Act; (3) the Racketeer Influenced Corrupt Organizations Act ("**RICO**"); (4) the Organized Crime Control Act of 1970; (5) 18 U.S.C. § 1964(a) & (c); (6) the Federal Violence Against Women Act of 1994; (7) the Sherman Act; (8) Florida Blue Sky Laws; and (9) the Exchange Act. (Doc. 1, pp. 4–5, 8.) Notwithstanding the cited statues, Plaintiff's factual allegations can only be described as a shambolic stream of consciousness. Indeed, the pleading: (1) fails to make much sense; and (2) falls woefully short of stating a claim for relief under any of the legal theories listed therein. Moreover, by no stretch of the imagination would the Complaint enable any of the Defendants to file a responsive pleading. Hence the Court finds that the Complaint constitutes a shotgun pleading and is due be dismissed.

To sufficiently state a claim for relief under the Federal Rules of Civil Procedure, a pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[,]" and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The U.S. Court of Appeals for the Eleventh Circuit has described the paradigm of a shotgun pleading as one containing a variety of claims "interwoven in a haphazard fashion." *Id.* (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (Tjoflat, J., dissenting)). Other examples include: (1) complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (2) pleadings that fail to separate each cause of action or claim for relief into a different count; and (3) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for each acts or omissions or which of the defendants each claim is brought against. *Id.* at 1322–23. But the common characteristic of all shotgun pleadings is that "they fail[,] to one degree or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Based on the foregoing, Plaintiff's Complaint is likely the gold standard of all shotgun pleadings. To name just a few of its shortcomings, the Complaint: (1) contains insufficient jurisdictional allegations;[1] (2) is the antithesis of "short and plain"; (3) is written largely in unbroken narrative form; (4) fails to separate any claims into separate counts; (5) weaves innumerable alleged wrongdoings together without any *plausible* connections; (6) contains allegations seemingly unrelated to the asserted statutory violations; (7) and lumps what appears to be hundreds of defendants into such a far-reaching RICO conspiracy that even the most skilled attorney would likely be unable to parse out the allegations to fashion a response. So, Plaintiff must replead.

As a final matter, in her Certificate of Interested Persons and Corporate Disclosure Statement, Plaintiff seeks recusal of the Undersigned, though mistakenly referencing "Judge Dawson." (Doc. 7, p. 7.) As grounds, Plaintiff points to the Undersigned's: (1) appointment by President Barack Obama; and (2) association with Mel Martinez, a cabinet appointee of Defendant George W. Bush. (*Id.*) According to Plaintiff, these conflicts warrant recusal. (*Id.*) The Court does not agree.

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned" or where he has personal bias concerning a party. Here, Plaintiff has failed to demonstrate any personal bias on the part

---

[1] For example, Plaintiff invokes both the Court's federal question jurisdiction and diversity jurisdiction, yet she fails to properly allege the citizenship of a number of parties. (*See* Doc. 1, pp. 8, 12–22 (alleging, *inter alia*, residency rather than domicile and failing to identify the members of unincorporated entities and allege their citizenship).)

of the Undersigned concerning any party. Moreover, the Court finds that an objective, disinterested observer would not entertain significant doubt about the Undersigned's impartiality. *See United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993). As such, the Court finds that Plaintiff's request for recusal is due to be denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED** as an impermissible shotgun pleading. If Plaintiff chooses to pursue her claims, she may file an amended complaint or before Wednesday, **August 9, 2017**, that remedies the deficiencies described in this Order.[2]

2. Plaintiff's Request for Recusal (*see* Doc. 7, p. 7) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 25, 2017.

ROY B. DALTON JR.
United States District Judge

---

[2] In the interim, the Court encourages Plaintiff to take advantage of the in-person legal information program ("**Clinic**") available to *pro se* plaintiffs. This free Clinic occurs every Tuesday between 11:00 a.m. and 12:30 p.m. at the George C. Young U.S. Courthouse, 401 W. Central Blvd., Orlando, Florida 32801. Additional information is included in the electronic brochure available at https://www.flmd.uscourts.gov/pro_se/docs/Brochure_Orlando_Division.pdf.

-5-

Copies to:
Counsel of Record